## Robert W. Sheridan, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5,108.

1. APPEALS AND ERRORS—*when questions waived.* If the declaration and the instructions are not contained in the abstract, if no exception is shown in the abstract and no ruling of the court upon the evidence, if the only exception set out in the abstract is to the denial of the motion for a new trial, and if the only point argued is that the verdict is excessive, notwithstanding there may be other assignments of error, all questions are deemed waived except such question which pertains to the excessiveness of the verdict.

2. VERDICTS—*when not excessive.* Held, in an action on the case for personal injuries, that a verdict for $2,500 was not excessive where it appeared that by virtue of the accident the plaintiff was unable to work for a period of five months, that after resuming his work he was not able to earn the same amount as he had earned before the accident, towit, $4 per day, even though he had sustained no permanent injury.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

PINKNEY & McROBERTS and JOSEPH A. WEIL, for appellant.

DAILEY & MILLER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee was riding on a coal wagon along a public street in the city of Peoria, and crossing diagonally a branch street railway line upon which appellant operated a single car, propelled by electrical power, when the wagon was run into from the rear by the street car, and appellee was thrown from the wagon and was injured. This is an appeal from a judgment for $2500, which appellee recovered against appellant for said injuries. Appellant has assigned various errors upon the record and copied them into its abstract

and its brief. But the declaration and the instructions are not contained in the abstract; no exception is shown in the abstract to any ruling of the court upon the evidence; the only exception set out in the abstract is to the denial of the motion for a new trial; and the only point argued is that the verdict is excessive. All other questions therefore are waived.

Appellee was about fifty-three years old when injured. He owned a team and a coal wagon. For four months of the summer season he raised corn upon sixteen acres of land for food for his team, and did teaming for contractors. During the remaining eight months of the year, the coal season, he purchased coal at a mine at six cents per bushel, and hauled it into the city and there sold and delivered it to his own customers at nine or ten cents per bushel. Before the injury he hauled two or three loads per day, containing from eighty to one hundred bushels each. By the accident he sustained a fracture of one of the bones of his ankle joint, which supports the larger bone of the leg; his ankle was also severely sprained, and, according to his surgeon, the ligaments were torn to some extent. It was three or four months before appellee was able to stand upon that foot, and five months before he was able to work. He suffered pain during that period, and still suffers pain when working and also at night. When he was able to resume work he found that he could not stand upon the injured foot to shovel and handle as much coal in a day as before the injury. Thereafter he was able to handle only two small loads each day of forty or fifty bushels each. A computation shows that he was able to earn much less than before. During his five months of total cessation of labor his team and wagon might have been let out at $4 per day, but when he resumed work he had to use them himself to make even his reduced earnings. It would take but a few years to make his loss in earnings because of this injury amount to $2500. While the injury may not be permanent, it had continued till the trial, some fifteen months later.

When we consider his pain and suffering, his loss of earnings up to the trial, and his possible continued loss of earnings thereafter, we cannot say that this verdict is so great that it should be treated as excessive, after it has been approved by the trial judge who saw the witnesses and had means superior to ours by which to determine the value of their testimony and the extent of appellee's injury.

The judgment is therefore affirmed.

*Affirmed.*